1  Frank L. Tobin CA Bar No. 166344
   frank.tobin@ogletree.com
2  Alison K. Adelman CA Bar No. 306629
   alison.adelman@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  4660 La Jolla Village Drive, Suite 900
   San Diego, CA  92122
5  Telephone:  858-652-3100
   Facsimile:   858-652-3101
6
   Attorneys for Defendants RESPIRONICS
7  CALIFORNIA, LLC [erroneously sued and
   served as RESPIRONICS CALIFORNIA, LLC
8  (P)]; RESPIRONICS NOVAMETRIX, LLC;
   PHILIPS NORTH AMERICA LLC; PHILIPS
9  RS NORTH AMERICA LLC; PHILIPS DS
   NORTH AMERICA LLC; PHILIPS
10 HOLDING USA INC.; and VITOR ROCHA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 14 MIKE BORRELLO | Case No.  **'23CV580  GPC WVG** |
| 15    Plaintiff, | **NOTICE OF DEFENDANT RESPIRONICS CALIFORNIA, LLC'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| 16    v. | |
| 17 RESPIRONICS CALIFORNIA, LLC (P); RESPIRONICS NOVAMETRIX, LLC; PHILIPS NORTH AMERICA LLC; PHILIPS RS NORTH AMERICA LLC; PHILIPS DS NORTH AMERICA LLC; PHILIPS HOLDING USA INC.; VITOR ROCHA, | Complaint Filed: February 27, 2023 Trial Date: |
| 21    Defendant. | |

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant RESPIRONICS CALIFORNIA, LLC ("Respironics") hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. section 1446 on the following grounds. The District Court has original jurisdiction of this civil action because: (1) the matter in controversy exceeds $75,000 exclusive of interest and costs, and is between citizens of different States; and (2) Plaintiff Mike Borrello ("Plaintiff") is claiming benefits regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1002(1), a law of the United States. The action is therefore removable under 28 U.S.C. sections 1331, 1332, 1441(a), and 1441(b). The circumstances justifying removal jurisdiction are set forth in detail below. The facts stated herein were true when Plaintiff filed his Complaint and remain true as of the date of filing of this Notice of Removal.

## I.    THE STATE COURT ACTION

1.    On February 27, 2023, Plaintiff filed a Complaint in the Superior Court of California, County of San Diego, captioned *Borrello v. Respironics California, LLC (P), et al.,* case number 37-2023-00008290-CU-WT-NC (the "Action").  A true and correct copy of the Summons, Proofs of Service of Summons, the Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference (Civil), and Notice of E-Filing Requirements and Imaged Documents, which constitute all process, pleadings, and orders served on the defendants in this Action, are attached to this Notice of Removal ("Notice") as **Exhibit A**. 28 U.S.C. § 1446(a). (Declaration of Frank Tobin ("Tobin Decl." ¶ 3.)

## II.    REMOVAL IS TIMELY

2.    A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b); <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48

Case No.
NOTICE OF DEFENDANT RESPIRONICS CALIFORNIA, LLC'S REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT

1  (1999). Defendants Respironics, Respironics Novametrix, LLC, Philips North

2  America LLC, Philips RS North America LLC, Philips DS North America LLC, and

3  Philips Holding USA Inc. were served with the Complaint on March 1, 2023. (See

4  Exhibit A; see also Tobin Decl. ¶ 3.) Mr. Rocha was served on March 12, 2023. (Id.)

5  This Notice is therefore timely as served within the 30-day statutory period for filing

6  this removal. 28 U.S.C. § 1446(b). All parties whose consent is required have

7  consented to this removal. (See Notices of Consent filed herewith.)

8  **III.    VENUE**

9          3.      The Superior Court of California, County of San Diego, North County

10  Division is located within the territory of the Southern District of California.

11  Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. §84(d)

12  because it is the "district and division embracing the place where such action is

13  pending." 28 U.S.C. § 1441(a).

14  **IV.    REMOVAL IS PROPER DUE TO DIVERSITY**

15          4.      Any civil action brought in a State court of which a District Court has

16  original jurisdiction may be removed by a defendant. 28 U.S.C. 1441(a). This Court

17  has original jurisdiction under 28 U.S.C. section 1332 because the amount in

18  controversy exceeds $75,000 and the matter is between citizens of different states.

19          **A.      Amount in Controversy Exceeds Federal Jurisdictional Minimum**

20          5.      Diversity jurisdiction exists only "where the matter in controversy

21  exceeds the sum or value of $75,000, exclusive of interest and costs . . .." 28 U.S.C. §

22  1332(a). The amount in controversy for jurisdictional purposes is determined by the

23  amount of damages that is the subject of the action. Hunt v. Washington State Apple

24  Advertising Comm'n, 432 U.S. 333, 347-348 (1977). Diversity jurisdiction exists if

25  the complaint as filed puts more than $75,000 at issue. Johnson v. Wattenbarger, 361

26  F.3d 991, 993 (7th Cir. 2004).

27  / / /

28  / / /

6.      Alleged lost earnings, emotional distress, and punitive damages should all be considered in determining the amount in controversy. <u>Kroske v. US Bank Corp.</u>, 432 F.3d 976, 980 (9th Cir. 2005) [trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000]; <u>Simmons v. PCR Tech.</u>, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) [emotional distress properly considered]; <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927, 945 (9th Cir. 2001) ["It is well established that punitive damages are part of the amount in controversy in a civil action."].

7.      In this Action, Plaintiff claims:

- $119,686.00 in unpaid severance benefit;
- three months of health insurance premiums in the amount of $3,600.00;
- $75,600 in self-incurred legal expenses; and
- A letter of apology or $1,204,000 in "consequential and punitive damages."

Plaintiff totals these figures and prays for damages of "either $1,402,886.00 or $198,886 with a letter of apology plus any legal costs and fees to plaintiff that may unfold as litigation proceeds further." (Exhibit A, Complaint, Prayer for Relief, pp. 56-57.)

8.      Even not considering the $75,600 in "self-incurred legal expenses," and even relying on the lower figure of claimed damages, Plaintiff's Complaint puts at least $123,286 in controversy ($119,686 unpaid severance benefits + $3,600 health insurance premiums = $123,286). This amount exceeds the jurisdictional minimum of $75,000 exclusive of interest and costs.

**B.      Complete Diversity Exists**

9.      Sufficient party diversity also exists in this matter. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.

Case No.
NOTICE OF DEFENDANT RESPIRONICS CALIFORNIA, LLC'S REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT

1   <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).

2       10.    Respironics is informed and believes that Plaintiff Mike Borrello was, at

3   the time he filed the Action on February 27, 2023, and still is, a citizen of the State of

4   California, domiciled and residing in California, with no intent to leave California.

5   This is based on the fact Plaintiff pleads in his *verified* Complaint under penalty of

6   perjury that he "is, and at all times mentioned in this Complaint was, a resident of the

7   County of San Diego, California." (Exhibit A, Complaint ¶ 1.) This is also supported

8   by the fact that Plaintiff reported to work for Respironics in the state of California.

9   (Exhibit A, Complaint ¶ 18 ["plaintiff was employed by Respironics as a Principal

10  Controls Engineer at 2271 Cosmos Ct., Carlsbad, California . . ."].) Plaintiff is thus a

11  citizen of **California**.

12      11.    Defendant Respironics is a limited liability company formed in

13  California. (Declaration of James Durchak ["Durchak Decl."] ¶ 3.)  A limited liability

14  company is a citizen of every state of which its owners/members are citizens, but not

15  the state in which it is formed. <u>D.B. Zwirn Special Opportunities Fund, L.P. v.</u>

16  <u>Mehrotra</u>, 661 F.3d 124, 125-126 (1st Cir. 2011) [citizenship of a limited liability

17  company for diversity purposes is determined by examining the citizenship of each

18  member of the company]; <u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d

19  894, 899 (9th Cir. 2006). Respironics has, and at the time of the filing of this Action

20  had, a sole member: Philips RS North America LLC. (Durchak Decl. ¶ 3.) At the time

21  of filing, and currently, the one member of Philips RS North America LLC is Philips

22  RS North America Holding Corporation. (Id. ¶ 4.)  A corporation is a citizen of every

23  state in which it was incorporated and the state where it has its principal place of

24  business. 28 U.S.C. § 1332(c)(1). Philips RS North America Holding Corporation is a

25  Delaware corporation with its principal place of business in Massachusetts. (Durchak

26  Decl. ¶ 5.) Therefore, Respironics is a citizen of **Delaware** and **Massachusetts**, but

27  not California.

28  / / /

Case No.

12.    Defendant Respironics Novametrix, LLC is a Delaware limited liability company. (Durchak Decl. ¶ 6.)  Respironics Novametrix, LLC has, and at the time of the filing of this Action had, a sole member: Philips RS North America LLC. (Id.) At the time of filing, and currently, the one member of Philips RS North America LLC is Philips RS North America Holding Corporation. (Id. ¶ 4.)  Philips RS North America Holding Corporation is a Delaware corporation with its principal place of business in Massachusetts. (Id. ¶ 5.) Therefore, Respironics Novametrix, LLC is a citizen of **Delaware** and **Massachusetts**.

13.    Defendant Phillips North America LLC is also a Delaware limited liability company. (Durchak Decl. ¶ 7.)  Phillips North America LLC has, and at the time of the filing of this Action had, one member: Philips Holding USA Inc. (Id.) Philips Holding USA Inc. is incorporated in Delaware and has its principal place of business in Massachusetts. (Id. ¶ 8.) So Phillips North America LLC is considered a citizen of **Delaware** and **Massachusetts**.

14.    Defendant Philips RS North America LLC is a limited liability company formed in Delaware. (Durchak Decl. ¶ 4.)  At the time of filing, and currently, the one member of Philips RS North America LLC is Philips RS North America Holding Corporation. (Id. ¶ 4.)  Philips RS North America Holding Corporation is a Delaware corporation with its principal place of business in Massachusetts. (Id. ¶ 5.) Therefore, Philips RS North America LLC is a citizen of **Delaware** and **Massachusetts**.

15.    Defendant Philips DS North America LLC is another Delaware limited liability company. (Durchak Decl. ¶ 9.)  At the time of filing, and currently, the one member of Philips DS North America LLC is Philips Medical Systems MR, Inc. (Id. ¶ 9.)  Philips Medical Systems MR, Inc. is a Delaware corporation with its principal place of business in Massachusetts. (Id. ¶ 10.) Therefore, Philips DS North America LLC is considered a citizen of **Delaware** and **Massachusetts**.

16.    Defendant Philips Holding USA Inc. is incorporated in Delaware and has its principal place of business in Massachusetts. (Durchak Decl. ¶ 8.) Philips Holding

1   USA Inc. is therefore a citizen of **Delaware** and **Massachusetts**.

2       17.    Both at the time of filing and currently, Defendant Vitor Rocha resides,

3   and intends to remain, in the state of Washington. (Declaration of Vitor Rocha ¶ 2; see

4   also Exhibit A, Complaint ¶ 2(g) [pleading that Mr. Rocha is a "resident of the city of

5   Kirkland in the State of Washington"].)

6       18.    Complete diversity exists here because the Plaintiff is a citizen of a

7   different state (California) than all of the defendants (Delaware, Massachusetts, and

8   Washington). None of the defendants is a citizen of the state in which this Action is

9   pending. 28 U.S.C. § 1441(b)(2). This court thus has original jurisdiction of this matter

10  pursuant to 28 U.S.C. section 1332(a)(1), and the action is properly removable under

11  section 1441(a).

12  **V.    REMOVAL IS ALSO WARRANTED BECAUSE THE CASE INVOLVES**

13  **A FEDERAL QUESTION**

14      19.    Removal is also proper if the court has original jurisdiction of a civil

15  action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.

16  1441(a), 1331. Here, Plaintiff claims entitlement to severance benefits under an

17  ERISA-regulated plan:

18
19          . . . under ERISA, the employee is required to 'exhaust all
            administrative remedies' before pursuing civil action . . .
20          [Plaintiff] sen[t] a notification by email to defendant's
            severance plan administrator of intent to sue unless a mutual
21          agreement of terms cold be met regarding severance benefit .
            . . Plaintiff sent this email . . . to fulfill any ERISA
22          requirements regarding 'exhausting administrative solutions'
23          . . .."

24  (Exhibit A, Complaint ¶¶ 173, 176; see also Exhibit 5 to Complaint [explaining

25  employee "Rights Under ERISA"].) Plaintiff further alleges:

26
27          Defendants violated their own policy by . . . discharging
            plaintiff under the pretext of a 'vaccine mandate' to avoid
28          paying plaintiff **severance** . . . Plaintiff alleges defendant's

NOTICE OF DEFENDANT RESPIRONICS CALIFORNIA, LLC'S REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT

unethical and unlawful employment practices caused him damages in lost **severance pay** . . . Plaintiff alleges defendant's acts of fraud were motivated by economic motives, not safety, to terminate plaintiff for the purpose of denying him **severance** and unemployment benefits . . ..”

(Complaint ¶¶ 124, 155, 259 [emphases added]; see also Complaint ¶¶ 153, 205, 229, 275, 248, 249.)

20.    ERISA preempts Plaintiff's state law claims and provides exclusive remedies for resolution of claims by employee benefit plan participants and beneficiaries relating to an ERISA plan.  See 29 U.S.C. § 1132(a)(1)(B); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).  Such claims are removable under 28 U.S.C. § 1441(b) as an action arising under federal law even when the ERISA-related nature of the action does not appear on the face of a complaint. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63, 67 (1987).  This is a well-recognized exception to the well pleaded complaint rule.  See id.

21.    Here, although Plaintiff does not explicitly plead a cause of action under ERISA, it is evident from the Complaint and Exhibit 5 that he seeks benefits relating to an ERISA plan. (See e.g., Complaint ¶¶ 124, 153, 155, 173, 175, 205, 229, 259, 275, 248, 249.) Accordingly, this Action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that Plaintiff's claims arise under an ERISA-governed benefit plan and Plaintiff's claims come within the scope of ERISA § 502(a), 29 U.S.C. § 1132(a).

22.    Pursuant to 29 U.S.C. sections 1132(e)(1) and (f), and 28 U.S.C. sections 1331, 1441(b), the District Courts of the United States have original and/or exclusive jurisdiction over such claims.  Therefore this matter is also removable due to its implication of a Federal Question.

## VI.    ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

23.    Respironics satisfied all requirements for removal of this Action. First, pursuant to 28 U.S.C. section 1446(a), Respironics prepared and will file this Notice,

7

1    which contains a short and plain statement of the grounds for removal, together with

2    a copy of all process, pleadings, and orders served upon defendants in this action. (See

3    Exhibit A.) In accordance with 28 U.S.C. § 1446(b), this Notice of Removal was filed

4    within 30 days after Respironics received the Complaint. Per 28 U.S.C. § 1446(d),

5    Respironics will provide notice of this removal to Plaintiff. (Tobin Decl. ¶ 4.) Lastly,

6    in accordance with 28 U.S.C. section 1446(d), promptly after filing this Notice of

7    Removal, Respironics will give separate written notice to all adverse parties and shall

8    file a copy of said notice with the clerk of the Superior Court of California, County of

9    San Diego. (Id.)

10   **VII.    CONCLUSION**

11         24.    Because the matter in controversy exceeds $75,000 and is between

12   citizens of different states, and because the Action involves a Federal Question,

13   Respironics respectfully requests this Court exercise its removal jurisdiction.

14         25.    In the event this Court has a question regarding the propriety of this

15   Notice, Respironics requests the Court issue an Order to Show Cause so that it may

16   have an opportunity to more fully brief the Court on the basis for this removal.

17         WHEREFORE, Respironics removes the above-referenced Action to this Court.

18   DATED: March 31, 2023                    OGLETREE, DEAKINS, NASH, SMOAK &
                                              STEWART, P.C.
19

20

21                                           By: */s/ Frank L. Tobin*
                                                 Frank L. Tobin
22                                               Alison K. Adelman

23                                           Attorneys for Defendants RESPIRONICS
                                             CALIFORNIA, LLC [erroneously sued
24                                           and served as RESPIRONICS
                                             CALIFORNIA, LLC (P)];
25                                           RESPIRONICS NOVAMETRIX, LLC;
                                             PHILIPS NORTH AMERICA LLC;
26                                           PHILIPS RS NORTH AMERICA LLC;
                                             PHILIPS DS NORTH AMERICA LLC;
27                                           PHILIPS HOLDING USA INC.; and
                                             VITOR ROCHA
28

                                    8               Case No.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 31, 2023.


By:  */s/ Frank L. Tobin*
Frank L. Tobin

9          Case No.
NOTICE OF DEFENDANT RESPIRONICS CALIFORNIA, LLC'S REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT