UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE BORRELLO,<br><br>                Plaintiff,<br><br>v.<br><br>RESPIRONICS CALIFORNIA, LLC (P);<br>RESPIRONICS NOVAMETRIX, LLC;<br>PHILIPS NORTH AMERICA LLC;<br>PHILIPS RS NORTH AMERICA LLC;<br>PHILIPS DS NORTH AMERICA LLC;<br>PHILIPS HOLDING USA INC.;<br>VICTOR ROCHA,<br><br>                Defendants. | Case No.:  3:23-cv-00580-GPC-VET<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRESERVATION OF EVIDENCE** |

    Before the Court is Plaintiff's Motion to Compel Preservation of Evidence ("Motion"). Doc. No. 45. Therein, Plaintiff requests that the Court compel Defendant Philips RS North America LLC ("Defendant") to identify and preserve certain records related to his employment termination, implement a litigation hold, and grant Plaintiff access to review and copy the preserved evidence. *Id.* at 2–3. Plaintiff cites the California Labor Code in support of his requests and suggests Defendant is destroying evidence. *Id.* at 1–2. Plaintiff also attaches a letter, directed to Defendant, wherein he requested certain information. Defendant did not file a response to the Motion.

1

1    As to Plaintiff's request for the preservation of evidence, the Court notes that Defendant is already obligated to preserve evidence relevant to Plaintiff's employment termination. *See Kindred v. Price*, No. 18-cv-00554, 2019 U.S. Dist. LEXIS 112916, at *1–2 (E.D. Cal. July 3, 2019) ("[F]ederal law imposes a duty to preserve evidence before litigation begins and even before a discovery request.").

Plaintiff filed his complaint on February 27, 2023, identifying causes of action that include wrongful termination. Doc. No 1-2 at 58–60. And following service of the complaint on March 1, 2023, Defendant had notice of Plaintiff's wrongful termination claim. *See* Doc. No. 1 at 3. Therefore, Defendant's duty to preserve evidence existed since at least March 1, 2023, if not earlier. *See In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action."); *In re Toyota Motor Corp. Unintended Acceleration Mktg.*, 284 F.R.D. 485, 497 (C.D. Cal. 2012) ("Unquestionably, there is a duty to preserve evidence that arises before litigation is filed."). Further, once the duty to preserve attaches, Defendant must "suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation," including communicating to employees the need to retain relevant materials. *In re Napster*, 462 F. Supp at 1070.

Moreover, while Plaintiff expresses concerns regarding the destruction of evidence, he offers nothing more than his belief that Defendant "may destroy or lose relevant evidence" given its purportedly "strong interest and motivation to spoliate all records." Doc. No. 45 at 2. Speculation and conjecture do not support a claim of spoliation of evidence. *Nida v. Allcom*, No. 17-cv-02162, 2020 U.S. Dist. LEXIS 87401, at *21 (C.D. Cal. Mar. 11, 2020) ("Mere speculation is insufficient to support a claim of spoliation of evidence."). Accordingly, the Court finds that ordering the preservation of evidence or a litigation hold is neither necessary nor appropriate.

Lastly, to the extent Plaintiff seeks access to certain documents, currently there is no basis to compel Defendant to produce documents to Plaintiff. Doc. No. 45 at 4. Although

Plaintiff attaches a letter showing he sought certain documents from Defendant, the letter is not the equivalent of a formal discovery request. On the contrary, this case is still in its initial stages and discovery is not yet available to the parties. *See* Fed. R. Civ. Proc. 26(d) (party may not seek discovery from any source prior to conferring under Federal Rule of Civil Procedure 26(f)). Nor did Plaintiff seek permission to conduct early discovery. In short, at this juncture, discovery is not yet open, and Plaintiff's efforts to obtain and compel discovery are premature. *Duran v. City of Porterville*, No. 12-cv-1239, 2013 U.S. Dist. LEXIS 7297, at *2 (E.D. Cal. Jan. 15, 2013) ("Rule 26(d)'s proscription sweeps broadly: not only may a party not 'serve' discovery, it may not even 'seek' discovery from any source until after the Rule 26(f) conference.").

Based on the foregoing, Plaintiff's Motion is **DENIED**. The Court directs Plaintiff to consult this Court's Civil Local Rules and the undersigned's Civil Chambers Rules to ensure future compliance with applicable rules concerning discovery disputes.[1]

**IT IS SO ORDERED.**

Dated: June 26, 2024

Honorable Valerie E. Torres
United States Magistrate Judge

---

[1] Plaintiff is advised that before he seeks discovery relief from the Court in the future, he must comply with this Court's Civil Local Rules and the undersigned's Civil Chambers Rules, including meet and confer requirements. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (pro se litigants are held to "the same rules of procedure that govern other litigants"). U.S. Magistrate Judge Valerie E. Torres' Civil Chambers Rules are available at: https://www.casd.uscourts.gov/Judges/Judge-Info.aspx. Discovery motions pursuant to Fed. R. Civ. P. 26–37 and 45 may not be filed without prior leave of the Court. *See* J. Torres Civ. Chambers R. VIII.D.